IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CHARLOTTE GRIFFIN HAMILTON, Individually and as parent and next friend of MARGARET GRIFFIN, a minor, and JEREMIAH HAMILTON, a minor, <br><br> Plaintiffs, <br><br> VS. <br><br> RICKEY D. FOSTER, et al., <br><br> Defendants. | No. 04-1201-T-An |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
AND DENYING PLAINTIFFS' MOTION TO CONTINUE

Plaintiffs filed this action in the Circuit Court of Madison County, Tennessee. On August 26, 2004, Defendant Jeremy Walker removed the action to this court, with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. Defendants have now filed a motion to dismiss for failure to comply with an order of the court and failure to prosecute. Plaintiffs have responded to the motion. For the reasons set forth below, Defendants' motion is GRANTED. Plaintiffs' motion to continue the trial is DENIED.

On December 8, 2005, the court entered an order granting the parties' joint motion to amend the Rule 16(b) scheduling order, setting the discovery deadline as February 28, 2006, and the dispositive motion deadline as March 6, 2006. On January 30, 2006, the court

granted William D. Holman's motion to withdraw as counsel for Plaintiffs. In that order, the court directed Plaintiffs to notify the court by March 1, 2006, of their new attorney's name and address or of their intention to proceed pro se. Plaintiffs failed to provide this notification by the March 1, 2006, deadline, although Plaintiffs filed a response to the present motion to dismiss on March 14, 2006.

The response was filed by counsel who made a limited appearance for the purpose of responding. Counsel stated that, on March 10, 2006, he received two boxes of material from Plaintiffs but had not had sufficient opportunity to review the contents and would make a decision on whether he could undertake representation by March 20, 2006. Counsel requested that, in addition to denying the motion to dismiss, the trial be continued, the discovery deadline extended to allow Plaintiffs an opportunity to secure deposition testimony of the physicians, and the deadline for filing dispositive motions extended. On March 20, 2006, counsel filed a notice stating that he could not represent Plaintiffs in light of the impending trial date but would revisit the issue of representation if the trial was continued and the discovery dates extended.

In their motion to dismiss, Defendants note that the depositions of their experts, orthopedic surgeons, were scheduled to take place on February 22, 2006, and February 23, 2006, in Ohio. At the request of Attorney Holman, those depositions were cancelled to afford Plaintiff an opportunity to obtain new counsel. Before his withdrawal as counsel, Attorney Holman had advised that he anticipated taking the depositions of at least two treating physicians who are also located out-of-state. To date, no medical proof has been taken by

the Plaintiffs even though the discovery deadline has passed, and the trial is set for April 10, 2006.

      Rule 37(b)(2) provides as follows:

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) [a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . .

The purpose of imposing sanctions is to "assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." Bell v. Automobile Club of Michigan, 80 F.R.D. 228, 229 (E.D. Mich. 1978), *cert. denied*, 442 U.S. 918 (1979). "Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." Regional Refuse Systems, 842 F.2d 150, 154 (6th Cir. 1988) (citing Patton v. Aerojet Ordinance Co., 765 F.2d 604, 607 (6th Cir. 1985)).

      Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." This measure is available to the court as a tool to effect "management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." Knoll v. American Telephone & Telegraph Co., 176 F.3d 359, 363 (6th Cir. 1999) (quoting Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir.1984)). A

court should consider four factors in assessing the whether to grant a motion to dismiss a complaint under Rule 41(b): (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. <u>Harmon v. CSX Transportation, Inc.</u>, 110 F.3d 364, 366-67 (6th Cir.), *cert. denied*, 522 U.S. 868 (1997) (citations and quotations omitted).

In the present case, dismissal of the action under either Rule 37 or Rule 41 is appropriate because Plaintiffs have failed to comply with the order granting their motion to withdraw which required them to notify the court of the name of their new attorney or whether they intended to proceed pro se. Not only did Plaintiffs not do so by the March 1, 2006, deadline, they still have not done so.

Plaintiffs have also failed to prosecute this action. As noted above, counsel for the parties moved this court for extended deadlines in November 2005. The amended discovery dates have now passed, and no medical proof has been taken which clearly prejudices Defendants. Additionally, no less drastic sanction will suffice. Plaintiffs have not obtained the services of new counsel and have not notified the court that they intend to represent themselves. Consequently, no one is available to prosecute the case.

Because Plaintiffs have failed to comply with the order requiring them to notify the court of their new attorney's name and address or of their intent to proceed pro se and

because Plaintiffs have failed to prosecute the action, the action is hereby DISMISSED without prejudice.[1]  If Plaintiffs intend to re-file the action, they must first pay to Defendants all costs and attorney fees incurred by Defendants in defending the present action.

IT IS SO ORDERED.

---

[1] Dismissal with prejudice is appropriate in cases in which the defendant has incurred significant expense and time in preparation of the case for trial, unlike in the present action. See, e.g., Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir.1969).